**HOOVEN–DAYTON CORP. and McKenna S. Jordan, Jr., Plaintiffs,**

v.

**CENTER CITY MESBIC, INC., et al., Defendants.**

No. C–3–94–177.

United States District Court, S.D. Ohio, Western Division.

Feb. 7, 1996.

Frederick Edward Davis, Jr., Dayton, OH, for Hooven–Dayton Corp., McKenna S. Jordan, Jr.

James M. Hill, O'Diam & Hill Co., L.P.A., Dayton, OH, for Center City Mesbic Inc., Board of Directors of Center City Mesbic.

Neil Frank Freund, Freund, Freeze and Arnold, Dayton, OH, for City of Dayton.

Curtis Foster Slaton, Bogin & Patterson, Dayton, OH, for Citywide Development Corporation.

Pamela M. Stanek, United States Attorney's Office, Dayton, OH, Mark K. Stephens, Arlene P. Messinger, U.S. Small Business Administration, Washington, DC, for Small Business Administration.

DECISION AND ENTRY SUSTAINING DEFENDANT SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS (DOC. #43); DECISION AND ENTRY OVERRULING DEFENDANT CENTER CITY MESBIC, INC.'S MOTION FOR ENTRY OF FINAL JUDGMENT AND CERTIFICATION (DOC. #41); DEFENDANT SMALL BUSINESS ADMINISTRATION DISMISSED AS A PARTY DEFENDANT

RICE, Chief Judge.

This action is brought by Plaintiff Hooven–Dayton Corp. ("HDC"), a small minority-

owned business, and by Plaintiff McKenna Jordan, Jr., a shareholder of that business. Plaintiff HDC received financing from Defendant Center City Mesbic, Inc. ("CCM") in 1985, in exchange for a portion of HDC's securities and warranties for the purchase of future shares (Complaint, Doc. #1). Defendant CCM is a Specialized Small Business Investment Company ("SSBIC"), as licensed by Defendant Small Business Administration ("SBA") under the Small Business Investment Act of 1958 ("SBI Act"), as codified at 15 U.S.C. § 661 *et seq.*

In addition to its claims against other Defendants, Plaintiffs seek declaratory relief against Defendant SBA for its alleged failure to enforce various unidentified regulations which were allegedly violated by Defendant CCM. Based upon the description of these regulations in Plaintiffs' Complaint, this Court will construe Plaintiffs' claims against Defendant SBA as follows: (1) that Defendant SBA failed to act when Defendant CCM allegedly failed to cure in timely fashion its impairment status, in violation of former regulation 13 C.F.R. § 107.203(d); (2) that Defendant SBA knew that Defendant Citywide Development Corp. ("Citywide") was unlawfully operating and controlling Defendant CCM without prior approval by Defendant SBA, in violation of 13 C.F.R. § 107.601, and possibly § 107.709, but failed to take action; and (3) that Plaintiffs relied to their detriment on their belief that the aforesaid regulations would be enforced by Defendant SBA, and have been damaged as a result (Doc. #1, p. 9–11).

This Court will rule upon two of the motions pending before it. *First,* Defendant SBA has filed a Motion to Dismiss all claims for relief against Defendant SBA (Doc. #43), on the basis that neither the SBI Act nor the Small Business Act ("SB Act"), as codified at 15 U.S.C. § 631 *et seq.,* provide a private right of action to these Plaintiffs. This motion is unopposed. *Second,* Defendant CCM has filed a Motion for Entry of Final Judgment and Certification (Doc. #41), in relation to this Court's Decision and Entry of December 23, 1994 (Doc. #37), which sustained Plaintiff's Motion for Summary Judgment as to Defendant's Counterclaim (Doc. #22) and overruled Defendant's Motion for Summary Judgment as to said Counterclaim (Doc. #36). This Court will treat each of these motions separately.

### I. Defendant SBA's Motion to Dismiss (Doc. #43)

Defendant SBA has moved to dismiss Plaintiffs' claims against it, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. The essence of Defendant SBA's argument is that there is no federal cause of action available to these Plaintiffs, because neither the SB Act nor the SBI Act provide a private right of action. This motion has not been opposed.

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the allegations in the Plaintiffs' pleadings, and determines whether "it appears beyond doubt that the [P]laintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Unless the Court is satisfied that these Plaintiffs can prove no set of facts entitling them to relief, the motion to dismiss will be denied.

Before addressing Defendant SBA's arguments, this Court will briefly delineate the differences between the Small Business Act ("SB Act"), codified at 15 U.S.C. § 631 *et seq.,* and the Small Business Investment Act ("SBI Act"), codified at 15 U.S.C. § 661 *et seq.* The SB Act was enacted in 1958 for the purpose of establishing assistance programs, by which the Small Business Administration ("SBA") could directly assist small business concerns. The SBI Act, which was also enacted in 1958, allowed the SBA to license small business investment companies (SBICs) which could finance small business concerns.

■ In this action, Plaintiff HDC was financed by Defendant CCM, a specialized small business investment company (SSBIC) licensed under the authority of the SBI Act. In addition, Plaintiffs' claims against Defendant SBA stem from the alleged violation of regulations enacted pursuant to the SBI

Act.[1] Because the relationships of the parties in this action were created by virtue of the SBI Act, and because Plaintiffs' claims against Defendant SBA stem solely from regulations enacted pursuant to the SBI Act, this Court concludes that Plaintiffs have failed to state a claim under the SB Act.

This Court must now determine whether Plaintiffs state a claim under the SBI Act. The pivotal issue before this Court is whether the SBI Act creates either an express or an implied private right of action.

■ In its unopposed Motion to Dismiss, Defendant SBA discusses *Goodall v. Columbia Ventures, Inc.*, 374 F.Supp. 1324, 1330–31 (S.D.N.Y.1974), which held that the SBI Act does *not* create a private right of action. After noting that the Act does not expressly create a private right of action, the *Goodall* court examined the legislative history of those provisions of the Act which authorize the enactment of regulations,[2] in order to determine whether they support an implied right of action. The court concluded that the language and legislative history of these provisions "convince us that Congress intended enforcement of the [SBI Act] to be undertaken solely by the SBA." 374 F.Supp. at 1331. In addition, as a matter of policy, the court reasoned that a private right of action would "interfere with the smooth functioning of the regulatory process," as well as conflicting with Congressional intent. *Id.* This Court finds this reasoning to be persuasive. Accordingly, this Court will follow the conclusion in *Goodall* and hold that there exists no private right of action under the SBI Act.

Given that Plaintiffs have no federal cause of action under the SBI Act, they have failed to state a claim thereunder, and Defendant SBA's Motion to Dismiss all claims against it (Doc. #43), is SUSTAINED. All other claims in this action remain viable at this time.

## II. Defendant CCM's Motion for Final Judgment and Certification (Doc. #41)

On December 23, 1994, this Court issued a Decision and Entry which sustained Plaintiffs' Motion for Summary Judgment as to Defendant CCM's Counterclaim (Doc. #37). Defendant CCM now moves this Court to enter final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, and to certify the decision for appeal under 28 U.S.C. § 1292(b).

■ During a short period following the entry of an interlocutory decision, a district court may certify that decision for immediate appeal:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such an order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, *if* application is made to it *within ten days* after the entry of the order. . . .

28 U.S.C. § 1292(b). In this case, judgment on Defendant's Counterclaim was entered on the date when this Court's decision was rendered: December 23, 1994. Defendant CCM filed the instant motion requesting certification on March 13, 1995, more than ten days after the entry of this Court's decision. Because the time limit for an interlocutory ap-

1. 13 C.F.R. § 107.1 reads, in relevant part, as follows: "The regulations in this part implement Title III of the Small Business Investment Act of 1958, as amended." Based on the substance of Plaintiffs' Complaint, it appears that all of the regulations which allegedly were not enforced, are in Part 107 of Title 13 of the Code of Federal Regulations.

2. 15 U.S.C. §§ 687(c) provides that "the Administration is authorized to prescribe regulations governing the operations of [SBICs], and to carry out the provisions of this Act, in accordance with the purposes of this Act." 15 U.S.C. § 687d authorizes the Administration to enact regulations for the purpose of "controlling conflicts of interests which may be detrimental to small business concerns." Finally, 15 U.S.C. § 687g allows the Administration to enact rules or regulations which exempt, in whole or in part, a SBIC from specified penalties and forfeitures.

peal has expired, Defendant CCM may not now appeal this Court's decision of December 23, 1994. Therefore, Defendant CCM's Motion for Entry of Final Judgment and Certification (Doc. #41) is OVERRULED.

WHEREFORE, based upon the aforesaid, Defendant SBA's Motion to Dismiss all claims against it (Doc. #43) is SUSTAINED. Defendant SBA is ordered DISMISSED as a party defendant to this action. Furthermore, Defendant CCM's Motion for Entry of Final Judgment and Certification (Doc. #41) is OVERRULED.